Argued and submitted March 14, affirmed June 18, reconsideration denied August 22,
petition for review denied September 23, 1986 (302 Or 35)

STATE OF OREGON,
*Respondent,*

*v.*

JUDE SOMERSET HARDESTY,
*Appellant.*

(C83-01-30043; CA A36551)

720 P2d 1335

Michael E. Swaim, Salem, argued the cause for appellant. On the brief were Gary D. Babcock, Public Defender, and Stephen J. Williams, Deputy Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of two counts of robbery in the first degree and one count of rape in the first degree. ORS 163.375; ORS 164.415. He was sentenced to 20 years imprisonment, with a five-year mandatory minimum under ORS 161.610 for use of a firearm, on each charge. The robbery sentences were concurrent, and the rape sentence was consecutive to the robbery sentences. On appeal, we held that defendant could receive only one mandatory minimum sentence under ORS 161.610, and the Supreme Court affirmed. *State v. Hardesty,* 68 Or App 591, 682 P2d 824, *aff'd* 298 Or 616, 695 P2d 569 (1985). On resentencing, the trial court again imposed sentences of 20 years imprisonment on each count. It ordered one robbery sentence to be served concurrently with the rape sentence and the other robbery sentence to be served consecutively to those concurrent sentences. On the rape conviction, the court imposed a five-year minimum under ORS 161.610 and a concurrent 10-year minimum under ORS 144.110. Defendant, thus, received a 40-year sentence, with a 10-year minimum, as he had received originally.

Contrary to what defendant argues, the trial court did not impose a harsher sentence but simply and properly fashioned a sentence that accomplished the same result. *State v. Haywood,* 73 Or App 6, 10, 697 P2d 977 (1985).

Affirmed.