Argued and submitted August 28, convictions affirmed; compensatory fines vacated; sentences for sexual abuse in second degree in 91-932-CR affirmed and otherwise remanded November 25, 1992

STATE OF OREGON,
*Respondent,*

*v.*

ROSS STERLING SMITH,
*Appellant.*

(91-930-CR, 91-931-CR, 91-932-CR;
CA A72283 (Control), A72284, A72285)
(Cases Consolidated)

842 P2d 805

Jesse Wm. Barton, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals from the sentences imposed on his convictions for sodomy in the first degree, rape in the first degree, attempted sexual abuse in the first degree, four counts of sexual abuse in the second degree and two counts of attempted sexual abuse in the second degree. ORS 163.405; ORS 163.375; ORS 163.427; ORS 163.425; ORS 161.405.

■   Because the state did not plead the offense subcategory factors, it concedes that the court erred in placing the rape and sodomy convictions in category 10 on the Crime Seriousness Scale, instead of in category 9. *State v. Drake*, 113 Or App 16, 829 P2d 726 (1992). The state also concedes that the sentences for attempted sexual abuse in the first degree, attempted sexual abuse in the second degree and one count of sexual abuse in the second degree exceed the maximum incarceration terms for those offenses, which were misdemeanors when defendant committed them.[1] ORS 161.615.

There is no error in three of defendant's sentences for convictions on sexual abuse in the second degree. However, the state argues that the remedy is to remand all nine counts for resentencing, because

"the court could have arrived at the same total sentence either by upward departures or by stringing together consecutive sentences on other convictions. At most, defendant is entitled to be resentenced, and on resentencing the court can impose the same total sentence."

For that proposition the state relies on *State v. Froembling*, 237 Or 616, 391 P2d 390, *cert den* 379 US 937 (1964), *State v. Haywood*, 73 Or App 6, 697 P2d 977 (1985), and *State v. Hardesty*, 80 Or App 144, 720 P2d 1335, *rev den* 302 Or 35 (1986). Those cases hold that, in fashioning a new sentence for one that was imposed erroneously, a court may rely on alternative authority to accomplish the same result. However, they do not stand for the proposition that a court may re-sentence on offenses for which sentences have already been lawfully imposed.

---

[1] In 1991, the legislature reclassified the offenses as felonies. Or Laws 1991, ch 830, §§ 2-3.

■ Defendant also assigns error to the court's imposition of compensatory fines of $15,000, $10,000 and $10,000 to the three victims on the convictions from each indictment. The state concedes that the latter fines were erroneously computed in 91-931 CR and 91-932-CR. Defendant argues that the court failed to impose the $15,000 fine as a penalty, as required by ORS 137.101(1). The state argues that the court's failure to impose a fine as a penalty but then to order it paid as a "compensatory fine" is harmless error. That contention is adversely answered in *State v. Barkley*, 108 Or App 756, 761, 817 P2d 1328 (1991), *rev allowed* 313 Or 299 (1992), and in *State v. Lovelace*, 94 Or App 586, 591, 767 P2d 80, *rev den* 307 Or 571 (1989).

■ Defendant also contends, however, that a remand for resentencing is not sufficient, because the court also erred in determining that the persons to whom the money is to be paid are "victims" within the compensatory fine provisions. He argues that the case is controlled by *State v. Barkley, supra*, under which, he argues, the victim must show that she has suffered special damages, such as medical expenses and psychological counselling. Defendant concedes that the persons to whom the fines would be paid are actual victims of his acts but contends that the court received no evidence and made no findings as to whether they were entitled to special damages.

In *State v. Barkley, supra*, the court ordered a compensatory fine to be paid to the mother of the child whom the defendant had raped. The fine was to compensate the mother for wages that she lost while caring for the child. We held that the mother was not an "injured victim," as used in ORS 137.101(1). The legislative history demonstrated that the injury contemplated by the statute is direct physical injury, not the type of injury that the mother proved.

The state argues that *Barkley* is distinguishable, because here the victims were directly affected by defendant's acts. It argues that the definition of "victim" on which we relied is part of the restitution statute and that the term "victim," for purposes of a compensatory fine, does not require a showing of physical injury or pecuniary damages in the sense of actual monetary loss. It argues that the victims here were clearly within the meaning of ORS 137.101(1), because defendant's sexual abuse and rape are injuries for

which they would "surely" have a remedy by civil action, irrespective of whether they suffered actual pecuniary loss as a result of defendant's acts.

ORS 137.101 provides:

"(1)   Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, *unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction,* the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims.

"(2)   Compensatory fines may be awarded in addition to restitution awarded under ORS 137.103 to 137.109.

"(3)   Nothing in this section limits or impairs the right of a person injured by a defendant's criminal acts to sue and recover damages from the defendant in a civil action. Evidence that the defendant has paid or been ordered to pay compensatory fines under this section may not be introduced in any civil action arising out of the facts or events which were the basis for the compensatory fine. *However, the court in such civil action shall credit any compensatory fine paid by the defendant to a victim against any judgment for punitive damages in favor of the victim in the civil action.*" (Emphasis supplied.)

The language of the statute shows that a compensatory fine is punitive. Although there is a logic to the state's position that the victims here were injured "in the broad sense by defendant's acts," the legislature has not provided for that broad interpretation. The state is not correct that the definitions in ORS 137.103 do not apply to the imposition of a compensatory fine. ORS 137.101(1) requires a compensatory fine to be paid to the "injured victim," whom the legislature has defined in ORS 137.103 as any person whom the court determines has suffered pecuniary damages. ORS 137.103(4). "Pecuniary damages," in turn, means special damages, such as the expense of psychological treatment or medical expenses. ORS 137.103(2).

There must be a showing of pecuniary damage before a compensatory fine may be imposed. The state does not contend that there was evidence of pecuniary damage. The court erred in imposing a compensatory fine under ORS 137.101.

Convictions affirmed; compensatory fines vacated; sentences for sexual abuse in the second degree in 91-932-CR affirmed and otherwise remanded for resentencing.