Submitted on record and briefs November 16, convictions affirmed; remanded for resentencing December 30, 1992, reconsideration denied April 28, petition for review allowed May 25, 1993 (316 Or 527)

STATE OF OREGON,
*Respondent,*

*v.*

CODY HOWARD JOHNSON,
*Appellant.*

(91C-20029; CA A71708)

844 P2d 935

Sally L. Avera, Public Defender, and David C. Degner, Deputy Public Defender, Salem, filed the brief for appellant.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Janie M. Burcart, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted of rape in the first degree, attempted murder and two counts of burglary in the first degree. ORS 163.375; ORS 163.115; ORS 161.405; ORS 164.225. He was sentenced to 60 months incarceration for the attempted murder, to be served consecutively to an incarceration term of 80 months for the rape conviction, the primary offense. OAR 253-03-001(17). He was sentenced to 20 months on the burglary convictions, which were merged, also to be served consecutively to the primary offense. He argues that the court erred in calculating the term for attempted murder. He contends that, according to OAR 253-04-005(1), attempted murder is in category 9 on the Crime Seriousness Scale and, as a consecutive sentence, the incarceration term is the one in Criminal History Column I. OAR 253-12-020(2)(a)(B). Under those rules, he contends, the maximum term is 36 months.

The state concedes that the court erred but argues that all the sentences should be vacated so that the court can "fashion a sentencing package commensurate with defendant's crimes and within the sentencing guidelines," perhaps by departure sentences, although it acknowledges that no departure sentence was requested by the prosecutor or imposed. The error was in the sentence for attempted murder. Although a court may rely on alternative authority to fashion a new sentence for one that was imposed erroneously, it may not resentence on offenses for which sentences have already been lawfully imposed. *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992).

Convictions affirmed; remanded for resentencing on conviction for attempted murder.