On respondent's petition for reconsideration filed March 24, reconsideration allowed; opinion (116 Or App 558, 842 P2d 805 (1992)) adhered to May 19, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## ROSS STERLING SMITH,
*Appellant.*

(91-930-CR, 91-931-CR, 91-932-CR;
CA A72283 (Control), A72284, A72285)
(Cases Consolidated)

852 P2d 934

Theodore Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, Salem, for petition.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

The state petitions for review of our opinion, 116 Or App 558, 842 P2d 805 (1992), which we treat as a petition for reconsideration. ORAP 9.15(1). We allow the petition and adhere to our opinion.

The state challenges our holding that vacated compensatory fines to the three rape victims of defendant's crimes. It argues that we incorrectly interpreted the compensatory fine statute, ORS 137.101,[1] in concluding that only a victim who has suffered "pecuniary damages" is entitled to a compensatory fine. Under the state's interpretation, although there was no evidence that established pecuniary loss to the victims, the fact that the victims "may well have" a remedy by civil action authorizes a compensatory fine under ORS 137.101(1).

In *State v. Barkley*, 315 Or 420, 846 P2d 390 (1993), the Supreme Court discussed ORS 137.101. The court disagreed with our conclusion that the victim had to have suffered a direct physical injury for payment of a compensatory fine. However, it also held that there are "two other hurdles * * * to be cleared before a sentencing court orders a compensatory fine in a particular case." 315 Or at 437. The person injured has to have a remedy by civil action, and the court must determine that the person has suffered "pecuniary damages" as defined by ORS 137.103(2).[2]

---

[1] ORS 137.101(1) provides:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

[2] ORS 137.103(2) provides:

" 'Pecuniary damages' means all special damages, but not general damages, which a person could recover against the defendant in a civil action arising out of the facts or events constituting the defendant's criminal activities and shall include, but not be limited to, the money equivalent of property taken, destroyed, broken or otherwise harmed, and losses such as medical expenses and costs of psychological treatment or counseling."

The state does not explain why *Barkley* does not require that pecuniary damages be shown here. In the light of the Supreme Court's clear statement that such a loss is one of the "hurdles" before imposition of a compensatory fine, we adhere to our holding that the fines here must be vacated.[3]

Reconsideration allowed; opinion adhered to.

---

[3] We reject the state's argument that we should vacate only the portion ordering the fines to be compensatory.