Argued and submitted May 28, remanded for resentencing in part; otherwise affirmed July 14, respondent's motion for reconsideration filed September 22, allowed by opinion November 17, 1993
See 124 Or App 578 (1993)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES RUSSEL DVORAK,
*Appellant.*

(10-91-05868; CA A72752)

855 P2d 1148

Dan Maloney, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

### De MUNIZ, J.

Defendant was convicted of two counts of burglary in the first degree, ORS 164.225, and one count of attempted rape in the first degree. ORS 163.375; ORS 161.405. The court merged the burglary convictions and imposed a presumptive sentence of 55 months incarceration. It then imposed a sentence of 20 months on the attempted rape conviction, to be served consecutively to the burglary sentence. Defendant challenges the consecutive sentence imposed on the rape conviction. The state concedes that the court erred by failing to impose sentence on that conviction according to crime seriousness column I. OAR 253-12-020. However, it argues that the remedy is not to remand for resentencing only on the rape conviction but, rather, to remand for resentencing on both counts. It argues that, under the guidelines, the court could have imposed a total term of imprisonment of 75 months by imposing departure sentences and that it should have the option to do so on remand.

The state relies on pre-guidelines cases for the proposition that a court may fashion a new sentence for one imposed erroneously by using alternative authority to accomplish the same result. *See State v. Froembling*, 237 Or 616, 391 P2d 390, *cert den* 379 US 937 (1964); *State v. Hardesty*, 80 Or App 144, 720 P2d 1335, *rev den* 302 Or 35 (1986); *State v. Haywood*, 73 Or App 6, 697 P2d 977 (1985). The state concedes that we rejected its position in *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), *on recon* 120 Or App 438, 852 P2d 934 (1993), but contends that that case was wrongly decided.

The state's argument depends on the same term being imposed, because the sentencing court "could have" imposed departure sentences. That position ignores that, in this case, the court chose *not* to impose departure sentences. More importantly, the state's position ignores that the rules provide that departure sentences are to be imposed, not in order to reach some predetermined total period of incarceration, but rather, when there are substantial and compelling reasons to justify a departure. OAR 253-08-001.

In consecutive sentences, OAR 253-08-001 does not authorize departure sentences to be imposed in order to reach the maximum term possible for consecutive sentences under OAR 253-12-020. Instead, under OAR 253-08-007(1), a departure on a consecutive sentence must be justified on the basis of the substantial and compelling reasons of *the individual offense* being sentenced consecutively.

In short, the state presumes that the term of imprisonment determines the imposition of a departure sentence. That is backwards from the policy of the guidelines. We adhere to our holding that the sentence that is erroneously imposed must be remanded for resentencing.

Remanded for resentencing on count 3; otherwise affirmed.