On respondent's motion for reconsideration filed September 22, reconsideration allowed; opinion (121 Or App 626, 855 P2d 1148) modified and adhered to as modified; remanded for resentencing November 17, 1993, reconsideration denied January 19, petition for review denied February 8, 1994 (318 Or 351)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES RUSSEL DVORAK,
*Appellant.*

## (10-91-05868; CA A72752)

863 P2d 1314

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jonathan H. Fussner, Assistant Attorney General, for motion.

No appearance *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

On the state's motion for reconsideration of our opinion, 121 Or App 626, 855 P2d 1148 (1993), we allow the motion and modify our opinion.

Defendant was convicted of burglary in the first degree and attempted rape in the first degree, arising from the same criminal episode. The trial court imposed a 55-month sentence for the burglary conviction and a 20-month consecutive sentence for the attempted rape. The state conceded that the court erred in failing to impose sentence for the attempted rape under column I of the sentencing guidelines grid, as required by OAR 253-12-020 (2)(a)(B). On defendant's appeal, we rejected the state's argument that both counts should be remanded for resentencing and remanded only the attempted rape count. The state asks for reconsideration of that disposition.

Defendant has not filed a response to the state's motion. The state points out that the 1993 legislature enacted Senate Bill 1043, which amended ORS 138.222(5) by adding the following language:

> "If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The bill contained an emergency clause and became effective when signed by the Governor on August 23, 1993.

We agree with the state that the statute requires us to remand "the entire case," *i.e.*, both counts, for resentencing, not just the attempted rape count.

Reconsideration allowed; opinion modified and adhered to as modified; remanded for resentencing.