Argued and submitted May 27, remanded in part; otherwise affirmed July 13, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## RONALD ARTHUR BURNELL,
*Appellant.*

(C92-01-30078; CA A78155)

877 P2d 1228

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

A jury found defendant guilty of two counts of felony murder, ORS 163.115(b), two counts of manslaughter in the second degree, ORS 163.125, one count of burglary in the first degree, ORS 164.225, one count of arson in the first degree, ORS 164.325, two counts of assault in the second degree, ORS 163.175, five counts of assault in the third degree, ORS 163.165, and three counts of assault in the fourth degree, ORS 163.160. The court sentenced defendant to concurrent terms of 121 months on each of the felony murder convictions. The court also imposed a term of 60 months on the arson conviction, to be served consecutively to the murder term, and 18-month terms on each of the assault convictions,[1] each of which is to be served consecutively to the other and to the murder terms and the arson term. On both manslaughter convictions, the court sentenced defendant to 16-month terms to be served concurrently with one of the assault convictions. The court sentenced defendant to 36 months on the burglary conviction, to run concurrently with one of the felony murder convictions, both manslaughter convictions and one of the assault convictions. The court ordered post-prison supervision for life on both felony murder convictions and lesser post-prison terms on the other felony convictions.[2]

On appeal, defendant argues that the court erred when it: entered convictions and imposed sentences on both manslaughter counts; entered convictions and imposed sentences for manslaughter and felony murder; entered convictions and imposed sentences for both felony murder and burglary when burglary was the felony underlying one of the felony murder counts; and entered convictions and sentences on each felony murder count.

Because a jury convicted defendant, we state the facts in the light most favorable to the state. *State v. Lyons*, 124 Or App 598, 600, 863 P2d 1303 (1993). Defendant and Speidel lived together with their six-month-old daughter,

---

[1] The court merged all of the lesser assault convictions into both counts of assault in the second degree.

[2] Defendant notes in his brief that, assuming that we agree with his merger arguments, his total time of incarceration will not be affected.

Natasha, in Portland. In December, 1991, Speidel, along with Natasha and another child, left defendant and moved into a house that was occupied by Thornton and her son.

On December 21, 1991, defendant was baby sitting Natasha at the house Speidel shared with Thornton. When Speidel and her date, Johnson, returned, Speidel told defendant to leave. An argument ensued between Speidel and defendant. Defendant threatened Speidel and left. Later, defendant, who had been drinking heavily, reentered Speidel's residence using a key that he had found earlier, and set the Christmas tree on fire. The fire spread throughout the house. Speidel, Johnson, Thorton and the two older children sustained injuries but escaped by an upstairs window. Natasha died from smoke inhalation.

Defendant first argues that the court erred when it failed to merge the two manslaughter counts.[3] The state concedes that the manslaughter counts should have merged. We accept the concession. *See State v. O'Neall,* 115 Or App 62, 67-68, 836 P2d 758, *rev den* 314 Or 574 (1992).

■ Defendant next contends that the court erred by failing to merge the manslaughter count with a felony murder count. He reasons that manslaughter in the second degree is a lesser included offense of felony murder[4] and, therefore, it

---

[3] The jury was instructed that manslaughter in the second degree was a lesser included offense of aggravated felony murder. Count one of the indictment charged defendant with aggravated felony murder, based on arson, and count two charged defendant with aggravated felony murder, based on burglary. The jury found defendant guilty of manslaughter in the second degree on counts one and two of the indictment.

[4] ORS 163.125(1) provides, in part:

"Criminal homicide constitutes manslaughter in the second degree when:

"(a) It is committed recklessly[.]"

ORS 163.115 provides, in part:

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder:

"* * * * *

"(b) When it is committed by a person * * * who commits or attempts to commit any of the following crimes and in the course of and in furtherance of the crime the person is committing or attempting to commit, or during the immediate flight therefrom, the person * * * causes the death of a person other than one of the participants:

"(A) Arson in the first degree * * *;

merges. Under the statutory comparison analysis required by the "anti-merger" statutes, manslaughter in the second degree is not a lesser included offense. ORS 161.062(1); ORS 161.067; *see State v. Tucker*, 315 Or 321, 331, 845 P2d 904 (1993). The manslaughter statute requires reckless conduct that results in a person's death. It has no "commission of a felony" element. The felony murder statute, by contrast, requires an intent to commit the underlying felony, but has no *mens rea* causation of death requirement. Because the statutory elements of each crime are different, merger was not required. *See State v. Crotsley*, 308 Or 272, 279-80, 779 P2d 600 (1989).

■    Defendant next contends that the court erred when it entered separate convictions of felony murder and burglary in the first degree.[5] We agree. Burglary is included as one of the underlying felonies in the felony murder statute and was charged as the underlying offense in one of the felony murder counts on which defendant was found guilty. ORS 163.115-(b)(C). Because burglary in the first degree contains no elements that differ from the felony murder statute, it is a true lesser included offense of the burglary felony murder count. The court erred in not merging the burglary count with the burglary-based felony murder count. *State v. Tucker, supra,* 315 Or at 331; *State v. Fish*, 282 Or 53, 56, 577 P2d 500 (1978).

■    Finally, defendant claims that the court erred when it entered separate felony murder convictions. Defendant is wrong. When a defendant is found guilty of multiple felony murder counts, if each of the underlying felonies requires proof of an element not required in another count, then the felony murder charges do not merge, notwithstanding the fact that there was only one homicide victim. *State v. Hessel*, 117 Or App 113, 122, 844 P2d 209 (1992), *rev den* 318 Or 26 (1993). Here, one felony murder count is based on the allegation that defendant committed arson, and the other is based

---

"* * * * *

"(C)  Burglary in the first degree * * *[.]"

[5] Defendant does not argue that the arson conviction merges with the felony murder count based on arson.

on the allegation that he committed burglary. The court did not err when it refused to merge the felony murder convictions.

Remanded for entry of amended judgment merging convictions for manslaughter and merging conviction for burglary in the first degree with the conviction for felony murder based on burglary in the first degree; otherwise affirmed.