Argued and submitted February 28, remanded for resentencing; otherwise affirmed
April 19, 1995

# STATE OF OREGON,
*Respondent,*

*v.*

# ROBERT A. THOMAS,
*Appellant.*

(93-270; CA A80799)

894 P2d 496

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant appeals and assigns error to the consecutive sentences imposed after he pled guilty to several crimes. We remand for resentencing.

Defendant was charged in a six-count indictment. Pursuant to an agreement under which the state agreed to reduce three charges, dismiss two other charges and recommend consecutive presumptive sentences, defendant pled guilty to second degree manslaughter, ORS 163.125, two counts of third degree assault, ORS 163.165, and driving under the influence of intoxicants, ORS 813.010. Defendant and the state agreed that the applicable grid block for the manslaughter conviction was 8-C and that the assault convictions were category 6 offenses. At sentencing, the court imposed the 34-month presumptive sentence on the manslaughter conviction, consecutive 180-day sentences on the assault convictions and a consecutive 180-day sentence on the DUII conviction. On appeal, defendant contests only the length of the sentences on the assault convictions. He argues that the sentencing guidelines limit the trial court to imposing no more than 90-day consecutive sentences on those convictions.

Because defendant was sentenced following a guilty plea made pursuant to a plea agreement, the threshold issue is whether we can review his claim of error. ORS 138.222. The state argues that ORS 138.222(2)(d) precludes appellate review of defendant's sentence. That statute provides that:

"(2)   On appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"* * * * *

"(d)   Any sentence resulting from a stipulated sentencing agreement between the state and the defendant which the sentencing court approves on the record."

The state maintains that the 180-day consecutive sentences on the assault convictions resulted from a stipulated sentencing agreement that the court approved. Defendant contends that he not only did not stipulate to the assault sentences, he objected to them.

■ ORS 138.222(2)(d) "allow[s] review of sentences unless they [are] 'stipulated sentences' as illustrated in ORS 135.407."[1] *State v. Kephart*, 320 Or 433, 447, 887 P2d 774 (1994). Defendant and the state had agreed that the assault convictions were category 6 offenses, but did not specify a grid block. At the hearing, defendant argued that OAR 253-12-020(2)(a)(B) requires the court to use the presumptive sentence prescribed by grid block 6-I when it imposed consecutive sentences and the state conceded that defendant was correct. Nonetheless, the court imposed 180-day consecutive sentences. Defendant again objected on the ground that grid block 6-I allows a maximum incarceration term of 90 days. This is not one of the kinds of stipulated sentences described by ORS 135.407, and we therefore may review the merits of defendant's appeal. *Kephart*, 320 Or at 447.

■ Defendant challenges the imposition of a 180-day sentence of incarceration on each assault conviction, contending that the correct application of OAR 253-12-020 provides that the sentencing court could impose a maximum term of 90 days. That rule provides, in part:

"(2)(a) Subject to the provisions of subsection (b) of this section, the presumptive incarceration term of the consecutive sentences is the sum of:

"(A) The presumptive incarceration term or the prison term * * * for the primary offense * * *; and

"(B) Up to the maximum incarceration term indicated in the Criminal History I Column for each additional offense imposed consecutively.

"* * * * *

"(c) The incarceration term of any probationary sentence is the maximum jail sentence that could be imposed as provided by these rules as part of the probationary sentence for that offense;

---

[1] ORS 135.407 describes several ways that a defendant and the state may "stipulate" to a sentence, including that they may stipulate to a grid block classification within the sentencing guidelines for the purpose of obtaining the presumptive sentence under that grid block. ORS 138.407(2). If the sentencing court accepts the stipulated classification but imposes a sentence other than the presumptive sentence provided by the grid block, the sentence is considered a departure sentence and must be justified as such. ORS 138.407(3). Alternatively, the parties may stipulate to a specific sentence within the presumptive range provided by the grid block. ORS 138.407(4). If the sentencing court accepts the plea agreement, it must impose the stipulated sentence. *Id.* Finally, the parties may stipulate to a sentence outside of the presumptive range for a stipulated grid block. ORS 138.407(5).

"(d) If any sentence includes a prison term, the entire incarceration term of the consecutive sentences shall be served in prison."

There is no dispute that, once the sentencing court determined the primary offense, the consecutive terms had to be sentenced as indicated in criminal history column I. Defendant contends that, because 6-I is a presumptive probation grid block, the maximum incarceration term is the maximum jail sentence that could be imposed, *i.e.*, 90 days. He bases his argument on OAR 253-12-020(2)(c), which provides that "the incarceration term of any probationary sentence is the maximum jail sentence that could be imposed."

The state argues that defendant's argument is not supported by OAR 253-12-020(2)(c) and that

"[t]he problem with applying the definition in OAR 253-12-020(2)(c) here is that the assault convictions are not presumptive-probation convictions; they both fall into grid block 6-C, which is a presumptive-prison grid block. They do not become presumptive-probation convictions here by operation of OAR 253-12-020(2)(a)(B) * * *."

The problem with the state's argument is that, although it is correct that defendant's convictions do not become presumptive probation convictions by operation of OAR 253-12-020, they *do* come within a presumptive probation grid block for purposes of consecutive sentences, by operation of the rule. We decline to adopt the state's view that OAR 253-12-020(2)(a)(B) must be construed separately from OAR 253-12-020(2)(c). The incarceration term of consecutive sentences is to be calculated according to the provisions of OAR 253-12-020 in its entirety.

Grid block 6-I is below the dispositional line and specifies presumptive probation with a maximum jail sentence of 90 days.[2] Defendant's assault convictions fall into grid block 6-I for the purpose of imposing consecutive sentences. That they may have fallen into another grid block

_____

[2] OAR 253-05-007(2) provides:

"Each grid block below the dispositional line of the grid includes two components of a presumptive probationary sentence. The top number in each grid block is the number of custody units that may be imposed as part of a presumptive probationary sentence. The bottom number in each grid block is the maximum number of custody units that may be imposed as a jail term."

under different sentencing circumstances is irrelevant. Because the sentencing court did not make departure findings, the maximum incarceration term permitted for each of defendant's third degree assault convictions was 90 days. The sentencing court erred by imposing 180-day sentences on defendant's two third-degree assault convictions.

■    Defendant requests that we remand for resentencing only on the two third-degree assault convictions. That is not the appropriate remedy; the entire case must be remanded for resentencing. ORS 138.222(5); *State v. Dvorak*, 124 Or App 578, 580, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

Remanded for resentencing; otherwise affirmed.