Argued and submitted April 11, 1994, remanded with instructions in part; otherwise affirmed April 26, both petitions for review denied August 1, 1995 (321 Or 429)

# STATE OF OREGON,
*Respondent,*

*v.*

# TYRONE EARL WALTON,
*Appellant.*

## (C 87-08-34157; CA A79878)

894 P2d 1212

William S. Brennan argued the cause and filed the brief for appellant.

Brenda JP Rocklin, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant makes several challenges to the sentences imposed after this case was remanded to the trial court for resentencing by the Oregon Supreme Court. *State v. Walton*, 311 Or 223, 253, 809 P2d 81 (1991). We review for errors of law.

In 1988, a jury convicted defendant of two counts of aggravated murder, ORS 163.095,[1] one count of felony murder, ORS 163.115,[2] and one count of robbery in the first degree, ORS 164.415,[3] all of which arose out of the same

---

[1] ORS 163.095 provides, in part:

"As used in * * * this section, 'aggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:

"* * * * *

"(d) Notwithstanding ORS 163.115(1)(b) [which defines felony murder], the defendant personally and intentionally committed the homicide under the circumstances set forth in ORS 163.115(1)(b).

"(e) The murder was committed in an effort to conceal the identity of the perpetrator of a crime."

ORS 163.095(2)(d) defines what is commonly referred to as aggravated felony murder. *State v. Atkinson*, 80 Or App 54, 57, 722 P2d 9, *rev den* 302 Or 36 (1986). Count I of the indictment alleged that defendant "personally and intentionally" committed the murder "in the course of and in the furtherance of" the crime of "Robbery in the First Degree." Count II alleged that defendant murdered the victim "in an effort to conceal the identity of a perpetrator of the crime of Robbery in the First Degree."

[2] ORS 163.115 provides, in part:

"(1) [C]riminal homicide constitutes murder when:

"* * * * *

"(b) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit any of the following crimes and in the course of and in furtherance of the crime the person is committing or attempting to commit, or during the immediate flight therefrom, the person, or another participant if there be any, causes the death of a person other than one of the participants:

"* * * * *

"(G) Robbery in the first degree as defined in ORS 164.415[.]"

Murder under ORS 163.115(1)(b) is commonly referred to as felony murder. *Atkinson*, 80 Or App at 57. Count III of the indictment alleged that defendant murdered the victim "in the course of and in the furtherance of" the crime of robbery in the first degree.

[3] ORS 164.415 provides, in part:

"(1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 [which defines third degree robbery] and the person:

criminal episode.[4] The jury further concluded that defendant should be sentenced to death. The trial court subsequently entered a judgment of conviction and sentence of death on the two aggravated murder convictions. The court did not impose any sentence on the felony murder or robbery convictions.

The Oregon Supreme Court automatically reviewed defendant's sentence of death. *See former* ORS 163.150(6) (*renumbered* ORS 163.150(1)(g) in 1989; *since amended by* Or Laws 1991, ch 885, § 2). The court affirmed defendant's four convictions, but vacated the sentence of death because the trial court's penalty-phase instructions did not comply with the court's decision in *State v. Wagner*, 309 Or 5, 14-20, 786 P2d 93, *cert den* 498 US 879 (1990). The court remanded defendant's case to the trial court for "further proceedings consistent with this opinion."

On remand, the state again sought the death penalty. The new sentencing jury did not find that death was an appropriate sentence. Consequently, the court held a hearing to consider arguments "on possible legal sentences that could be imposed in [defendant's] case." The court subsequently held a sentencing hearing and sentenced defendant to life imprisonment with a 30-year minimum sentence pursuant to ORS 163.105(1) (*since* amended by Or Laws 1989, ch 720, § 1) on count I, aggravated felony murder. On count II, aggravated murder committed to conceal the identity of the perpetrator, the court sentenced defendant to life imprisonment with a 30-year minimum sentence. The court merged count III, felony murder, into count I, aggravated felony murder. Finding defendant to be a dangerous offender, the court sentenced him, pursuant to ORS 161.725, to an indeterminate period in prison, not to exceed 30 years, with a minimum term of 15 years on count IV, robbery in the first degree. The court ordered that all sentences run consecutive to one another. The court also ordered that the sentences run consecutive to defendant's sentence in an unrelated case,

"(a) Is armed with a deadly weapon."

Count IV alleged that defendant committed robbery in the first degree by committing robbery while armed with a deadly weapon, a sawed-off shotgun.

[4] Defendant committed an armed robbery at a Plaid Pantry store in Portland. During the robbery, defendant shot the store clerk with a sawed-off shotgun.

C88-01-30736, in which defendant had been convicted of first degree robbery and sentenced to 20 years in prison with a 10-year minimum.

■ As a preliminary matter, we address the issue of whether the trial court on remand had authority to resentence defendant on all four of his convictions. Defendant argues that when the Supreme Court remanded his case to the trial court for "proceedings consistent with this opinion," the trial court's authority on remand was limited to resentencing on the aggravated murder convictions and did not extend to sentencing on the robbery or felony murder convictions. Defendant asserts that, although the court affirmed all four convictions, it "did not send the whole case back to the trial court for the imposition of new sentences on all of the counts," but "restricted the trial court's authority to impose only that sentence a re-empaneled jury handed down." Defendant also argues that the trial court lacked jurisdiction to sentence defendant on the robbery and felony murder convictions because the trial court did not impose sentences on those convictions in the first sentencing hearing.

We do not agree that the trial court lacked authority to sentence defendant on the other convictions. The Supreme Court affirmed all four of defendant's convictions and remanded *"the case"* for resentencing. (Emphasis supplied.) There is nothing in the language of the remand order that limited the trial court to addressing only the aggravated murder convictions. *See State v. Boots*, 315 Or 572, 576-77, 848 P2d 76, *cert den* ___ US ___, 114 S Ct 606 (1993) (court can remand cases expressly for consideration of specified issues).

Further, the trial court's failure to impose sentences on the felony murder and robbery convictions in the first sentencing proceeding does not preclude the court from imposing sentences on those convictions on remand. This is not a case in which the court had previously merged convictions, and then attempted to unmerge them on remand. *See State v. Thompson*, 20 Or App 545, 532 P2d 1140 (1975) (court could not resentence on counts that had been merged in first sentencing). Rather, in view of the fact that the death sentence was originally imposed, any sentence on the other convictions would have been superfluous. Contrary to what

defendant argues, the trial court did not impose a harsher sentence on remand, but properly imposed a sentence on the convictions that the Supreme Court affirmed. *State v. Hardesty*, 80 Or App 144, 145, 720 P2d 1335, *rev den* 302 Or 35 (1986).

■ Defendant next argues that the trial court erred in imposing consecutive sentences on his two aggravated murder convictions. His contention on appeal is that the trial court's failure to impose consecutive sentences on the aggravated murder convictions at the time that defendant was originally sentenced to death precluded the court from imposing them on remand.[5] Defendant argues that he only challenged the death sentence, and that the death sentence applied only to one count of aggravated murder. Thus, defendant argues that he did not challenge the sentence on the other aggravated murder count and that, on remand, the court could not sentence him to a consecutive life term on that count. In support of his argument, defendant relies on our decisions that hold that, on remand, a trial court may not modify sentences that were not challenged on appeal. *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), *on recon* 120 Or App 438, 852 P2d 934 (1993).

The problem with defendant's argument is that he did challenge both aggravated murder sentences on appeal. The order sentencing defendant to death stated that "defendant * * * is convicted of the crimes of Counts 1 and 2 - AGGRAVATED MURDER as charged in the indictment." It then stated, "defendant * * * is sentenced to death * * *." The death sentence applied to both convictions of aggravated murder. Consequently, when defendant appealed his sentence of death, he was appealing the sentence on both convictions. Both convictions were upheld, the sentence was vacated, and the slate was wiped clean for the trial court to resentence defendant on those two convictions. *State v. David*, 28 Or App 775, 777, 561 P2d 189 (1977).

---

[5] In asserting that the original sentences were concurrent, defendant relies on the language of ORS 137.123(1), which provides that "[a] sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences." Defendant reasons that the original judgment must be presumed to have provided for concurrent sentences on the aggravated murder convictions because the trial court did not explicitly provide for consecutive sentences.

Even if we did agree with defendant's premise that the death sentence only applied to one count of aggravated murder, his argument would still fail. Under defendant's reading of the original judgment, no sentence was imposed on the second aggravated murder conviction. Accordingly, on remand, the trial court was not modifying a sentence that was unchallenged on appeal; it was imposing a sentence on the other aggravated murder conviction for the first time.

■ Defendant also asserts that the sentences on remand, consecutive life sentences, were greater than his death sentence and therefore, an impermissible enhancement of his sentence on remand. We do not agree. In summary, defendant's arguments that the trial court erred in imposing consecutive sentences on defendant's two convictions for aggravated murder all fail.[6]

■ Defendant next argues that the trial court erred by failing to merge his robbery conviction into his conviction for aggravated felony murder based upon the robbery.[7] The state first argues that the issue is not properly preserved. However, although defendant acknowledged to the trial court that the law was against him on the merger question, he did not concede the issue. We conclude that it was properly preserved.

Defendant argues, relying on the Supreme Court's decision in *State v. Tucker*, 315 Or 321, 845 P2d 487 (1993), that robbery is a true lesser included offense of aggravated felony murder and that the two offenses merge. The defendant in *Tucker* was convicted of, among other things, two counts of first degree burglary and two counts of first degree robbery, which arose from the same criminal episode. The defendant was also convicted of four counts of aggravated felony murder based on the burglary and robbery counts.

In *Tucker*, the Supreme Court stated that a defendant may be punished separately for conduct that violates two or more statutory provisions if the requirements of ORS

---

[6] Defendant does not argue on appeal that consecutive sentences were improper because the trial court failed to comply with ORS 137.123(4) in its imposition of sentences on remand.

[7] The state conceded below, and the trial court agreed, that defendant's felony murder conviction merged with his aggravated felony murder conviction. We agree.

162.062(1) are met. *Id.* at 331. ORS 161.062(1) provides, in part:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The court also stated that, "where one offense charged truly is a lesser included offense of another offense charged," a defendant may not be separately sentenced. *Tucker*, 315 Or at 331. The court held that "robbery and burglary were lesser included offenses of aggravated felony murder." *Id.* Thus, the court vacated the defendant's sentences for robbery and burglary.

Here, robbery was the underlying offense of the aggravated felony murder charge. Accordingly, because the crime of robbery has no element not included in the crime of aggravated felony murder premised on the offense of robbery, the court erred in not merging the robbery conviction with the robbery-based aggravated felony murder conviction. ORS 161.062(1); ORS 161.067; *Tucker*, 315 Or at 331; *State v. Burnell*, 129 Or App 105, 109, 877 P2d 1228 (1994).

■ For purposes of merger, we look to the statutory elements of the pleaded offenses, not to the factual circumstances recited in the indictment. *State v. Heneghan*, 108 Or App 637, 638, 816 P2d 1175 (1991), *rev den* 312 Or 588 (1992). The state argues that the statutory elements of aggravated felony murder as defined by ORS 163.095(2)(d) and ORS 163.115(1)(b), require that the murderer personally and intentionally kill the victim in the course of committing or *attempting* to commit certain specified offenses. The state, relying on our decisions in *State v. Dickerson*, 112 Or App 51, 827 P2d 1354, *rev den* 313 Or 627 (1992) and *State v. Owens*, 102 Or App 448, 795 P2d 569, *rev den* 311 Or 13 (1990), argues that when the state proves that the defendant completed the specified underlying felony, the felony does not merge into the aggravated felony murder charge, because, under the statute defining felony murder, it was only necessary to prove that the victim was killed in the course of an *attempt* to commit the felony. The state contends that the aggravated felony murder charge requires proof of a homicide

while the underlying felony charge requires proof of completion of that felony. Accordingly, the state reasons that proof of aggravated felony murder based on robbery and proof of the completed crime of robbery each require an element that the other does not.

Our decisions in *Dickerson* and *Owens* do support the state's argument. However, those decisions were made before the Supreme Court's decision in *Tucker*, which holds that robbery is a lesser included offense of aggravated felony murder. Following the Supreme Court's decision in *Tucker*, we held in *Burnell* that "burglary in the first degree contains no elements that differ from the felony murder statute," and, thus, that burglary is a "true lesser included offense" of burglary-based felony murder. 129 Or App at 109.

In view of the holdings in *Tucker* and *Burnell*, we conclude that, for the purpose of merger, when a person is convicted of felony murder or aggravated felony murder and also of the felony upon which the felony murder or aggravated felony murder charge was based, the underlying felony does not require proof of any statutory element that the felony murder or aggravated felony murder does not. A felony conviction merges into a felony murder or an aggravated felony murder conviction predicated on an attempt or completion of that felony. Accordingly, we conclude here that defendant's robbery conviction must merge with the aggravated felony murder conviction.

■ Defendant's final assignment of error relates to whether the trial court erred in making the sentences in this case consecutive to a sentence in an unrelated case. After defendant was sentenced to death, he was sentenced in one unrelated case, Case No. C88-01-30736, on a conviction of first degree robbery. The trial court in that case sentenced defendant to a 20-year prison term and ordered that the sentence run consecutive to defendant's death sentence in this case. After the death penalty sentence was vacated and defendant was resentenced, the trial court ordered that all of defendant's sentences in this case run consecutive to his sentence in Case No. C88-01-30736. Defendant argues that this was error for two reasons.

First, he argues that the sentences in this case cannot run consecutively to the other robbery sentence because the Department of Corrections would not know which sentence should begin first. We do not agree. In the original sentencing proceeding, the trial court ordered the robbery sentence in Case No. C88-01-30736 to run consecutive to the death sentence. Thus, when defendant's death sentence was vacated, he began serving his sentence for robbery. Accordingly, at the time of resentencing in this case, he was already serving his sentence on the other robbery conviction. Therefore, the sentences imposed in this case will begin to run when defendant finishes serving his robbery sentence.

Defendant also argues that allowing the sentences in this case to run consecutively to his sentence in the subsequent robbery case would "certainly chill his right to appeal the first case." Defendant seems to be contending that because there was no robbery conviction in existence for these sentences to be sentenced consecutively to at the time that he was first sentenced, it is unfair on resentencing to allow these sentences to be consecutive to the intervening conviction. We disagree. It is irrelevant which sentence came first. Had defendant not appealed, the robbery sentence would have been served consecutively to these sentences. Because defendant did appeal, those sentences will begin after the robbery sentence. The total amount of time remains the same.

Defendant's remaining assignments of error do not require discussion.

Remanded with instructions to vacate sentence for robbery and to enter amended judgment merging the conviction for robbery with the conviction for aggravated felony murder (count I); otherwise affirmed.