Submitted on record and briefs December 13, 1984, reversed and remanded with instructions March 6, 1985

## HARRY E. BARNETT,
*Appellant,*

*v.*

## STATE OF OREGON,
*Respondent.*

(83-1326 C; CA A32452)

695 P2d 991

Harry E. Barnett, Auburn, Washington, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, Robert W. Muir, Assistant Attorney General, and Lynn Torno, Certified Law Student, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

■    Plaintiff in this post-conviction proceeding appeals the trial court's judgment denying him relief from his conviction for carrying a blackjack. ORS 166.510. The state confesses that ORS 166.510 is unconstitutional insofar as it prohibits the possession of a blackjack and that the trial court erred in holding otherwise. We agree. *State v. Delgado,* 298 Or 395, 692 P2d 610 (1984). The trial court should have "expunged" plaintiff's conviction as he requested.

■    Plaintiff also assigns as error the trial court's refusal to award him the $1,341 in restitution he paid as part of his sentence[1] and $5,000 in general damages. Although ORS 138.520 allows a post-conviction court to grant "such other relief as may be proper and just," that relief is limited to matters similar to release, new trial and modification of sentence, which the statute specifically allows the court to grant. Defendant points to no statute, and we are aware of none, which authorizes a court in a post-conviction proceeding to award money damages or to require the state to repay to plaintiff the restitution that he paid for the benefit of a private party.[2]

    Reversed and remanded with instructions to set aside plaintiff's conviction.

---

[1] The state dismissed a charge of criminal mischief in the second degree in return for plaintiff's agreement to plead *nolo contendere* to the weapons offense. The restitution was presumably related to the criminal mischief charge.

[2] We also are not required by the facts in this case to determine whether a court may order the state to repay a fine which a successful post-conviction plaintiff has paid.