# STATE OF OREGON,
*Appellant,*

*v.*

# ELIZABETH MARIE SISNEROS,
*Respondent.*

(L019076; CA A41063)

734 P2d 355

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Richard L. Weil, Portland, argued the cause for respondent. On the brief were Gerald M. Chase and Chase & Weil, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals the dismissal of a citation charging defendant with DUII. Defendant asserts that the prosecution of the case violates her statutory and constitutional rights to a "speedy trial." In dismissing the citation, the trial court cited the Statute of Limitations. We reverse.

Defendant was arrested and charged with DUII on December 14, 1979. She pled no contest on January 15, 1980, and was fined $100.[1] In 1983, she was again arrested for DUII, at which time she was allowed to participate in a diversion program. She was arrested for DUII a third time on February 21, 1986. She then filed a petition for post-conviction relief from the 1980 conviction on the ground that her no contest plea was uncounseled. The state did not resist the petition and, on May 2, a stipulated order was entered which set aside the conviction and gave the state 30 days in which to elect to prosecute or dismiss the 1979 citation. On May 22, the state notified the district court that it was electing to prosecute.

The state first contends that the trial court erred in ruling that the prosecution was barred by the Statute of Limitations. ORS 131.105 to 131.125 provide that a prosecution for any misdemeanor must be commenced within two years of the commission of the offense. DUII is a Class A misdemeanor. ORS 813.010(3). A prosecution is commenced when a warrant or other process is issued. ORS 131.135.

The prosecution in this case commenced when the citation charging defendant with DUII was issued on December 14, 1979, the same day that she is alleged to have committed the offense. The state's election to continue the prosecution after her 1980 conviction was set aside does not constitute the commencement of a second prosecution, as the trial court apparently concluded. Accordingly, the prosecution is not barred by the Statute of Limitations.

The state next contends that defendant is not entitled to claim that she has been denied a speedy trial after having sought and been awarded post-conviction relief. In the

---

[1] The record is unclear with respect to the charge to which defendant pled no contest. However, both she and the state represent that she did, in fact, plead no contest to DUII.

alternative, it contends that defendant's statutory and constitutional rights to a speedy trial have not been violated, because the six and one-half-year delay in bringing her to trial was caused by her 1980 no contest plea and her failure to seek post-conviction relief from the resulting conviction before 1986. It also contends that she was not prejudiced by the delay. Defendant contends that the delay was attributable to the state, because of its failure to advise her of her right to counsel in 1980 and its failure in 1983 to inform her that her conviction was invalid when it granted her request for diversion.[2] She also claims that her ability to prepare for trial was prejudiced by the delay.

 ORS 135.747[3] provides that a criminal defendant must be brought to trial within a "reasonable period of time," unless the postponement is on the application or by the consent of the defendant. Article I, section 10, of the Oregon Constitution mandates that "justice shall be administered * * * without delay." An analysis under the constitutional provision involves an examination of three factors: the length of delay, the reason for the delay and prejudice to the defendant.[4] *State v. Dykast,* 300 Or 368, 377, 712 P2d 79 (1985); *State v. Hale,* 80 Or App 279, 721 P2d 887 (1986).

 We agree with the state that defendant cannot claim that she was denied a speedy trial on the basis of the time that elapsed between her conviction in 1980 and the post- conviction court's judgment in 1986. Her no contest plea in 1980 effectively terminated the state's right to try her on the charge until she had sought and received post-conviction relief. Therefore, because the state could not demand that she seek

---

[2] *Former* ORS 484.450(4)(a) (now ORS 813.210(4)(a)) precluded a trial court from allowing diversion if the defendant had been convicted of DUII within the preceding ten years. The state does not contend that it was unaware that defendant's 1980 conviction was invalid when it granted her request for diversion in 1983 or that defendant knew that she could have had it set aside before 1986.

[3] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon the application of the defendant or by the consent of the defendant, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[4] Speedy trial analysis under the Sixth Amendment involves a fourth factor: whether the defendant asserted a right to a speedy trial. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972).

post-conviction relief earlier, it cannot be charged with denying her a speedy trial. In short, one of the risks that defendant assumed when she petitioned for post-conviction relief was that she would be awarded a new trial.[5]

Reversed and remanded.

---

[5] ORS 138.520 provides:

"The [post-conviction] relief which a court may grant or order under ORS 138.510 to 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just. The court may also make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody and bail."