Argued and submitted October 31, 1996, affirmed January 29, 1997

STATE OF OREGON,
*Respondent,*

*v.*

JOHN KENNETH HENDERSON,
*Appellant.*

(90-1220; CA A90536)

932 P2d 577

Dan Maloney, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In 1991, pursuant to a plea agreement, defendant was convicted of intentional murder with a firearm. He appeals the sentence imposed on that conviction in 1995, on remand from the post-conviction court. We affirm.

After defendant's conviction in 1991, the court imposed a sentence of "imprisonment for the remainder of [defendant's] natural life," with a 25-year minimum pursuant to ORS 163.115(3)(b) and (c) (1990) and a life-time post-prison supervision term. Defendant appealed, and we held that, because the conviction resulted from a plea bargain, under ORS 138.222(2)(d) (1990) there was no appellate review of his claims of error. *State v. Henderson*, 116 Or App 604, 843 P2d 459 (1992), *on recon* 124 Or App 426, 861 P2d 406 (1993).

Defendant then filed a petition for post-conviction relief. He alleged, *inter alia*, that, in the light of *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), the "life sentence" exceeded the maximum allowable by law. The state conceded that defendant was entitled to post-conviction relief based on the "life sentence" and that the appropriate remedy was to remand for resentencing. The post-conviction court agreed. It entered a judgment that vacated defendant's sentence and remanded for resentencing.

On remand, for the first time defendant asserted that imposing a 25-year minimum sentence under ORS 163.115, instead of imposing a sentence under the guidelines, violated his rights under Article I, section 20. The sentencing court did not rule on defendant's argument. It held that the ruling of the post-conviction court was that the only illegality of defendant's sentence was the portion sentencing defendant to imprisonment for the period of his natural life. The sentencing court entered a judgment that omitted that portion but was otherwise essentially identical to the original 1991 judgment.

On appeal, defendant argues that the sentencing court erred in not considering his Article I, section 20, arguments. The state contends that defendant's claim of error is

not reviewable, because defendant raised that argument for the first time on remand after the post-conviction judgment. The state contends that the post-conviction court's remand was limited to the error in the indeterminate "life sentence" and did not include a remand for further findings or reconsideration with respect to the 25-year minimum term. It argues that, because defendant did not appeal the post-conviction court's judgment, the 25-year term is the "law of the case" and bars relitigation of new arguments relating to that term. Defendant contends that he could raise the argument on remand because the post-conviction court remanded for "resentencing," not for entry of a corrected judgment.

In the procedural posture of this appeal, we agree with the state that defendant was precluded from raising a new argument. On direct appeal, under ORS 138.222(5) when an appellate court determines that a sentencing error "requires resentencing," as opposed to an error that requires only a corrected judgment, the appellate court has no alternative but to remand the "entire case" for resentencing. The sentencing court is then free "to impose a new sentence for any conviction in the remanded case." *Id.* Accordingly, a remand under ORS 138.222(5) does not preclude the raising of new arguments by either the state or the defendant.

A post-conviction remand is not governed by ORS 138.222(5). In a post-conviction proceeding, the burden is on the petitioner to prove that the sentence imposed is "in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted[.]" ORS 138.530(1)(c). If the petitioner carries that burden, the post-conviction court must grant post-conviction relief that

"shall include release, new trial, modification of sentence, and such other relief as may be proper and just." ORS 138.520.

Thus, unlike a sentencing error determined on direct appeal, a sentencing error determined on post-conviction does not result in a blank slate on sentencing issues. Here, even though the post-conviction judgment vacated defendant's sentence and remanded for resentencing, the court's written opinion makes clear that the error that defendant asserted and proved that required modification was the

imposition of a life term of imprisonment. The post-conviction court held:

> "[Defendant] next claims as grounds for post conviction relief that the sentence imposed upon [him] exceeded the maximum sentence which could be imposed as a matter of law. Both counsel for [defendant] and counsel for the state agree that the sentence reflected in Defendant's Exhibit 104 is unlawful under *State v. Morgan*[,] 316 Or 553 (1993). The court agrees. However, it is worth noting that it appears to the court that [the sentencing court] intended to impose only a determinate sentence of twenty-five years, rather than a life sentence with a twenty-five year minimum, but that is not what is reflected in the judgment. Defendant's Exhibit 102 at 18, 19. Accordingly the case will be remanded to impose the appropriate determinate sentence and life-long post-prison supervision. *Id*[.] at 560."

The post-conviction court's holding tracks the Supreme Court's holding in *Morgan*. 316 Or at 560.[1] There, the Supreme Court remanded for entry of a judgment reinstating the determinate terms and eliminating the illegal imprisonment for life.[2] Here, the sentencing court did not err in refusing to consider defendant's new arguments on remand from the post-conviction court or in resentencing him under ORS 163.115.

Affirmed.

---

[1] The Supreme Court held that,

"even though one convicted of murder can no longer be sentenced to 'imprisonment for life' (other than as a departure sentence), one convicted of murder can be sentenced to imprisonment for the fixed terms specified in paragraphs [ORS 163.115](b) and (c), with post-prison supervision thereafter for life, subject to OAR 253-05-004(1). In light of the fact that it is clear that the trial judge intended to impose a 25-year minimum, and did not make findings to support a life sentence as a departure sentence, we conclude that the case must be remanded for entry of a corrected judgment that reinstates the 10- and 15-year minimum sentences, but deletes the sentence of imprisonment for life and provides for post-prison supervision for the remainder of the defendant's life[.]"

The sentencing judge here also did not find reasons to impose a departure sentence.

[2] When the Supreme Court decided *Morgan* in June 1993, the appellate courts had authority only to "reverse or affirm the sentence." ORS 138.222(5) (1991). The effective date of the amendment authorizing remand if the sentencing error "requires resentencing" was August 23, 1993.