Argued and submitted January 29, reversed and remanded for resentencing
March 5, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# LAVERNE CHARLES COBURN,
*Appellant.*

## (91C-20760; CA A91829)

934 P2d 579

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General argued the cause for respondent. On the brief were Theodore S. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Douglas F. Zier, Assistant Attorney General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals the sentence imposed following a remand to the sentencing court from the post-conviction court. We reverse and remand.

■ In April 1992, defendant was convicted in a jury trial of two counts of kidnaping in the first degree, one count of rape in the first degree, two counts of sodomy in the first degree and one count of sexual abuse in the first degree. Pursuant to ORS 161.725 to ORS 161.737, the court sentenced defendant as a dangerous offender. Under those statutes, a dangerous offender sentence has determinate and indeterminate parts. *See State v. Davis*, 315 Or 484, 494-95, 847 P2d 834 (1993) (explaining statute). The determinate part is the presumptive sentence that would have been imposed if the court had not imposed the dangerous offender sentence and is the term of imprisonment that the offender *has* to serve before becoming eligible for release to post-prison supervision. *Id.* at 495. The indeterminate part of the dangerous offender sentence is the part of the sentence that the offender *might* have to serve before release. *Id.*

On five of defendant's convictions here, the sentencing court originally imposed dangerous offender sentences of 360 months, two of which were to run consecutively, and a concurrent two-year sentence on the remaining conviction. Thus, defendant's total indeterminate dangerous offender term was 720 months. The court found defendant's presumptive determinate sentence to be 160 months.

In 1993, the Supreme Court decided *Davis* and held that, under the version of the dangerous offender statutes at that time,[1] OAR 253-08-007[2] applied to consecutive sentences, OAR 253-12-020, to limit the indeterminate term. *Id.*

---

[1] That version applies to defendant. ORS 161.737 was amended in 1993, overruling the *Davis* holding that the determinate portion of a dangerous offender sentence was limited to the maximum presumptive term. The determinate portion now may be as much as "twice the maximum presumptive incarceration term." ORS 161.737(2). The amendment also overruled the *Davis* holding that the indeterminate component of a dangerous offender sentence is limited to double the departure term. Now the 30-year term set out in ORS 161.725 sets the dangerous offender maximum.

[2] The guidelines are now contained in OAR chapter 213.

at 495-96. Defendant's indeterminate term exceeded those limits. Defendant filed a petition for post-conviction relief, and the post-conviction court entered a judgment holding

> "that the sentence imposed upon petitioner exceeded the maximum sentence which could be imposed upon him as a matter of law. *State v. Davis*, 315 Or 484 (1993)."

The post-conviction court vacated defendant's sentence and remanded for resentencing.

On remand, the issue before the sentencing court was whether, as the state argued, the court could sentence defendant "straight under the guidelines" or whether, as defendant contended, the court had to sentence him as a dangerous offender under the version of the rules in effect at his original sentencing. The trial court agreed with the state. It deleted the indeterminate dangerous offender sentences and, over defendant's objection, replaced the determinate 160-month sentence with a 320-month determinate sentence.

On appeal, defendant assigns error to the court's "doubling of the duration of his total consecutive sentence." He first contends that that sentence violates the principle enunciated in *State v. Turner*, 247 Or 301, 313, 429 P2d 565 (1967), that, on a conviction after a new trial on remand, the trial court cannot impose a more serious sentence than it did originally. He also argues that the concurrent sentences of the original sentence were valid and had already been executed by the time of resentencing. Therefore, he contends, the sentencing court was without authority to change the sentences from concurrent to consecutive. *See State v. Smith*, 323 Or 450, 453-54, 918 P2d 824 (1996) (court lacked authority in resentencing on remand to modify concurrent misdemeanor sentences that had been served); *State ex rel O'Leary v. Jacobs*, 295 Or 632, 636, 669 P2d 1128 (1983) (sentencing court lacks authority to modify valid sentence once original sentence has been executed).

The state protests that defendant has raised "dramatically new claims" on appeal because at resentencing defendant "only" argued that he was entitled to parole eligibility after 160 months. However, on appeal, the state in turn abandons its reliance on *Turner* as authority to support the

validity of the 320-month term. Before the resentencing court, the state contended that the new sentence was permissible under the *Turner* rationale because it is "far less" than defendant's original 60-year indeterminate sentence. The state now contends that *Turner* does not apply and, in fact, specifically excludes cases involving erroneous sentences:

> "*After an appeal or post-conviction proceeding has resulted in the order of a retrial for error other than an erroneous sentence,* such as in the *Froembling* cases [*i.e., State v. Froembling*, 237 Or 616, 391 P2d 390, *cert den* 379 US 937 (1964), and *Froembling v. Gladden,* 244 Or 314, 417 P2d 1020 (1966)], and the defendant has again been convicted, no harsher sentence can be given than that initially imposed." 247 Or at 313 (emphasis and bracketed material state's).

In the first instance, we do not agree with the state that defendant's arguments on appeal constitute raising "dramatically" new claims. Irrespective of the shifting arguments of both parties on appeal, it is clear that the issue before us is the same as the one squarely presented to the resentencing court: Whether the determinate term of defendant's sentence could be changed from 160 to 320 months. As defendant's counsel argued at resentencing:

> "I think the findings of fact essentially the Court made at sentencing regarding the dangerous offender and the aggravated factors, that's not something that was disturbed by the post-conviction court, and so I think those still apply. So essentially I think that the dangerous offender findings and those sentencing rationale still exist and [defendant] still has to be sentenced in that [manner].
>
> "* * * * *
>
> "The difference is that if you do it [the state's] way [defendant] winds up getting a 320-month sentence; he's eligible for release after doing 80 percent of it. If you do it the way that [defendant] think[s] it ought to be done, he gets the 320-months' sentence but after serving 160 of that as a dangerous offender he could be considered for release. So that's what we're arguing over."

The state now argues that the *Froembling* cases control. In *State v. Froembling (Froembling)*, the defendant had originally been sentenced to a term of life imprisonment and

three sentences of 10 years each. The sentences were to run concurrently. A post-conviction court held that the life sentence was in error. On resentencing, the court imposed a sentence of 15 years to run consecutively to the 10-year sentences with no credit for time served on the life sentence. The Supreme Court held that there was no error in the court's imposing that sentence:

> "Here the error in the original proceeding consisted of imposing the wrong sentence for the crime charged. When that is the case *the trial judge must change the sentence to correct the error and he must exercise his discretion anew in arriving at what he considers an appropriate sentence.* He is entitled to fix the new sentence within the maximum allowable under the applicable statute so that it will most appropriately fit the circumstances of the case as he sees them. *The test is whether the trial judge could have imposed the new sentence in the original proceeding.*" 237 Or at 619 (emphasis the state's).

*See also Froembling v. Gladden,* 244 Or at 316 (reaffirming holding).

The state argues that under the *Froembling* rationale, the sentencing court here had the authority to restructure defendant's sentence under the guidelines in order to reach the 320-month determinate sentence that it imposed. However, we do not agree that, following enactment of the guidelines, the application of *Froembling* under the circumstances here is as direct as the state argues.

■ It is true that, under the peculiar nature of the sentencing guidelines, the sentencing court had the *initial* choice as to whether a dangerous offender sentence or a guidelines sentence was the "appropriate" sentence for defendant's circumstances. It made that initial determination, deciding that a dangerous offender sentence should be imposed. The court thus chose one sentencing scheme as opposed to another, thereby providing the terms available under which defendant could be sentenced.

On post-conviction, defendant did not challenge the court's decision to impose a dangerous offender sentence. Rather, he argued that the court had incorrectly calculated the consecutive indeterminate terms of imprisonment under

the applicable statutes and rules. The post-conviction court held that, under *Davis*, the calculation was in error. Thus, on remand, the sentencing court was entitled to resentence "within the maximum allowable under the *applicable statute*," *Froembling*, 237 Or at 619 (emphasis supplied), that is, within the maximum allowable under the dangerous offender provisions.

■     The state's position that the sentencing court was free to ignore the dangerous offender statutes on remand rests on its assumption that, after the enactment of sentencing guidelines, a remand for an error in sentencing requires resentencing on all convictions. It is true that since the amendment of ORS 138.222(5) in 1993 that is the result on direct appeal.[3] However, as defendant points out, and as we recently discussed in *State v. Henderson*, 146 Or App 81, 84, 932 P2d 577 (1997), ORS 138.222(5) does not apply to a post-conviction proceeding. *See* ORS 138.050 (post-conviction relief includes modification of a sentence).

In *Henderson*, the defendant attempted to raise new arguments regarding his sentence after the post-conviction court held that, under *State v. Morgan*, 316 Or 553, 856 P2d 612 (1993), the "life sentence" in the defendant's original sentence was in error. We held:

> "[U]nlike a sentencing error determined on direct appeal, a sentencing error determined on post-conviction does not result in a blank slate on sentencing issues. Here, even though the post-conviction judgment vacated defendant's sentence and remanded for resentencing, the court's written opinion makes clear that the error that defendant asserted and proved that required modification was the imposition of a life term of imprisonment." *Henderson*, 146 Or App at 84.

Here, on post-conviction, defendant asserted and proved that the consecutive indeterminate term of his dangerous offender sentence was in error. The post-conviction court's judgment states that, under *Davis*, defendant's sentence

---

[3] Before that amendment, we consistently rejected the state's position. *See State v. Dvorak*, 121 Or App 626, 855 P2d 1148 (1993), *mod* 124 Or App 578, 863 P2d 1314 (1993), *rev den* 318 Or 351 (1994).

exceeded the maximum term. As in *Henderson,* that judgment did not result in a blank slate on which the parties were free to reopen all sentencing issues. Rather, the scope of the post-conviction remand was for correction of the original error within the dangerous offender provisions. The sentencing court erred in resentencing beyond the scope of that remand.

Reversed and remanded for resentencing.