# STATE OF OREGON,
*Respondent,*

*v.*

# BYRON FRANKLIN BARNUM,
*Appellant.*

(91CR0186; CA A96130)

959 P2d 1007

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Douglas F. Zier, Assistant Attorney General.

Before De Muniz, Presiding Judge, and Deits,* Chief Judge, and Haselton, Judge.

---

* Deits, C. J., *vice* Rossman, S. J.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

■ Defendant appeals the guidelines sentence imposed following his post-conviction proceeding in which the post-conviction court found that his dangerous offender sentence was invalid under *State v. Davis*, 315 Or 484, 847 P2d 834 (1993). Defendant argues that the court erred by sentencing him to a 40-month departure sentence instead of sentencing him as a dangerous offender to 40 months with a 20-month determinate term. *See State v. Coburn*, 146 Or App 653, 934 P2d 579 (1997) (where court initially sentenced the defendant as dangerous offender, on remand from post-conviction proceeding, sentencing court was not free to impose a sentence other than a dangerous offender sentence). After oral argument, the state filed a motion to dismiss the appeal as moot because, under either the guidelines sentence or dangerous offender sentence, defendant had completed his sentence by the time of resentencing.

■ In defendant's response to the state's motion,[1] he agrees that the incarceration term of the two sentences is not substantively different but argues that there are collateral consequences to the 36-month post-prison supervision term imposed at resentencing. However, defendant has not identified such consequences here. Defendant is presently serving a consecutive term of incarceration that has a 36-month term of post-prison supervision. On his release, any separate post-prison supervision terms will merge, *State v. Enos*, 114 Or App 208, 836 P2d 1347, *rev den* 314 Or 728 (1992), and no more than 180 days of incarceration for violations may be required in that term. OAR 253-11-004(3) (1989).[2]

---

[1] Defendant points out that the state did not argue at resentencing that his position was moot and that he relied on the record of that proceeding on his appeal. He also notes that it was not until after briefing and oral argument that the state documented its contention that the appeal is moot. He notes that, had the state done so before oral argument, "defendant could have done then what he does now," which is to concede that there is no substantive difference in the incarceration terms.

[2] Defendant is subject to the 1989 version of the sentencing guidelines. OAR 253-11-004(3) (1989) provided, in part:

"Except as provided in OAR 253-05-004(2) [post-prison supervision for aggravated murder], during the full term of post-prison supervision, an offender may not be required to serve more than one hundred and eighty (180) days of incarceration for violations of the conditions of supervision."

Respondent's Motion to Dismiss Appeal as Moot allowed; appeal dismissed.