Argued and submitted September 1, affirmed November 22, 2000,
petition for review denied April 17, 2001 (332 Or 56)

DAVID BROCK,
*Appellant,*

*v.*

G. H. BALDWIN,
Superintendent,
Eastern Oregon Correctional Institution,
*Respondent.*

(CV 97-1035; CA A104825)

14 P3d 651

D. Olcott Thompson argued the cause and filed the briefs for appellant.

Jennifer Lloyd, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Landau, Presiding Judge, and Haselton and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Petitioner appeals from a post-conviction judgment that vacated his sentences on eight convictions for drug and firearm offenses and remanded the entire case for resentencing. Petitioner contends that the post-conviction court had authority to vacate only the sentences that it concluded were erroneous and thus improperly remanded the remaining convictions for resentencing. We review for errors of law, ORS 138.220, and affirm.

Petitioner was convicted of two counts each of unlawful manufacture of a controlled substance, unlawful delivery of a controlled substance, unlawful possession of a controlled substance, and felon in possession of a firearm. Each of the convictions arose from the same criminal episode. The sentencing court grouped the offenses,[1] sentencing some concurrently and some consecutively, but used a criminal history score of C for each conviction. The court first imposed 34-month concurrent sentences on each of counts one, two, and three (Group One). Next, the court sentenced petitioner to 34 months' imprisonment on each of counts four, five, and six to be served concurrently to each other (Group Two) but consecutive to Group One. Finally, the court sentenced petitioner to 18 months each on counts seven and eight (Group Three) to be served consecutive to each other and to the sentences in Groups One and Two. In total, petitioner was sentenced to 104 months' imprisonment.

Petitioner's counsel did not object to the sentences. Petitioner appealed, and his convictions were affirmed without opinion. *State v. Brock,* 149 Or App 212, 942 P2d 302 (1997). Petitioner then filed a petition for post-conviction relief, in which he alleged that he was denied adequate assistance of counsel in numerous respects at trial and on appeal. Insofar as relevant here, he asserted that he was denied adequate assistance because his trial counsel did not object to

---

[1] Petitioner's drug convictions arose out of an episode involving both cocaine and methamphetamine. All of the cocaine convictions were grouped together for sentencing purposes, as were the methamphetamine convictions. The two firearms convictions constituted the third group.

the sentencing court's use of criminal history score C in sentencing counts two through eight, instead of following the shift-to-column-I rule for those counts. *See former* OAR 253-012-0020 (1996), *renumbered as* OAR 213-012-0020 (1997).

The post-conviction court concluded that the sentencing court erred in failing to shift to column I in sentencing five of petitioner's eight convictions.[2] The court also concluded that petitioner's trial counsel was constitutionally inadequate in failing to object to that sentencing error. The court dismissed petitioner's remaining claims and initially vacated only the five sentences that it concluded were imposed erroneously under column C. The state then moved for reconsideration, requesting vacation of each of the eight sentences so that "the sentencing court [could] properly impose the sentence it intended." The trial court granted the state's motion, vacated all eight sentences, and remanded the entire case for resentencing.

On appeal, petitioner argues that the trial court lacked authority to vacate and remand the Group One sentences because the court determined that there was no sentencing error on those counts. Petitioner argues that, although *this* court would have been required to remand the entire case for resentencing upon confronting a similar error, the statute providing that authority, ORS 138.222(5), does not apply to post-conviction proceedings. The state responds that the "post-conviction court properly exercised its discretion under ORS 138.520" when it vacated and remanded all of the sentences to the sentencing court. ORS 138.520 provides, in part, that "[t]he relief which a court may grant or order under [The Post-Conviction Hearing Act (the Act)] shall include release, new trial, modification of sentence, and such other relief as may be proper and just." Petitioner replies that (1) the post-conviction court was not authorized to vacate the Group One sentences because petitioner did not

---

[2] The court concluded that the shift-to-column-I rule did not apply to counts two and three, because the sentences on those counts were imposed concurrently to count one, and the shift-to-column-I rule applies only to consecutive sentences. *Former* OAR 253-012-0020(2)(A)(b) (1996), *renumbered as* OAR 213-012-0020(2)(A)(b) (1997). On appeal, petitioner inaccurately asserts that the "post-conviction trial court found that the sentences on all but one count of the underlying case [were] error and grounds for post-conviction relief."

challenge those sentences below; (2) the state did not rely on ORS 138.520 before the post-conviction trial court and, therefore, cannot do so for the first time on appeal; and (3) ORS 138.520 did not, in any case, permit the court to vacate the three sentences that were not imposed erroneously. We address each argument in turn.

We begin with petitioner's claim that the post-conviction court erred in granting relief that petitioner did not request. Petitioner relies on *Bowen v. Johnson*, 166 Or App 89, 999 P2d 1159, *rev den* 330 Or 553 (2000). There, the state appealed from a post-conviction judgment that granted relief on a ground that was not alleged in the petition. We held that

> "relief under the Act is available only as to *claims* that actually have been alleged in the petition[,] * * * and * * * claims not raised in the petition are waived unless the petitioner establishes that the claims could not reasonably have been asserted at that time." *Id.* at 93 (emphasis added).

*Bowen* is distinguishable from the circumstances in this case. In *Bowen*, the post-conviction court mistakenly granted relief on an unpleaded claim. Here, in contrast, the court granted relief on a pleaded claim; it is the specific *remedy* ordered by the post-conviction court that petitioner asserts he did not seek. In prevailing on his claim of sentencing error, petitioner ran the risk that he would not receive the specific relief that he sought. *See State v. Sisneros*, 84 Or App 306, 310, 734 P2d 355, *rev den* 303 Or 455 (1987) (defendant, who was granted post-conviction relief six years after her original conviction, had no speedy trial claim, because "one of the risks that defendant assumed when she petitioned for post-conviction relief was that she would be awarded a new trial").

Moreover, the remedy granted by the post-conviction court is not demonstrably beyond the relief sought in the prayer of the petition. Petitioner prayed for, in part, an order "[v]acating the sentence in Douglas County Circuit Court Case No. 96CR0781FA" and "[f]or such further relief as the Court deems just and proper." Petitioner did not specifically seek a judgment vacating only a portion of his total sentence. More significantly, petitioner requested such "relief as the

Court deems just and proper." That request mirrored the language of ORS 138.520, which, according to the state, authorized the trial court to remand the entire case for resentencing. Thus, petitioner's first argument does no more than beg the question of whether the post-conviction court was authorized by law to impose the remedy that it granted.

■ As noted, petitioner argues that we should not consider the possible application of ORS 138.520, because defendant did not rely on that statute before the post-conviction court. We disagree. If a trial court's conclusion is correct, but for a different reason than the court believed, we may still affirm. To do otherwise "could result in reversal of a correct action of a trial court, which would warp the law and waste judicial resources." *State v. Rogers*, 330 Or 282, 295, 4 P3d 126 (2000). The basis for the "right for the wrong reason" doctrine is "that a trial court will not be 'gratuitously reversed,' and if the trial court's result is, ultimately, correct, it will be affirmed on alternative grounds to avoid an unnecessary remand." *Frady v. Morrow*, 169 Or App 250, 254, 9 P3d 141 (2000). Even though the state did not rely on ORS 138.520 before the post-conviction court, we may nonetheless consider whether that statute authorized the court to remand the entire case for resentencing so that we do not "gratuitously reverse" the trial court if its "result is, ultimately, correct."

On the merits, petitioner argues that ORS 138.520 did not authorize the post-conviction court to vacate the three sentences that were properly imposed. Petitioner correctly observes that before the amendment to ORS 138.222(5)[3] in 1993, this court had no authority on *direct appeal* to remand an entire case for resentencing when only part of the sentence was tainted by error. *See State v. Smith*, 116 Or App 558, 560, 842 P2d 805 (1992), *on recons* 120 Or App 438, 852 P2d 934 (1993) (holding that there is no authority for the proposition "that a court may re-sentence on offenses for

---

[3] ORS 138.222(5) provides, in part:

"If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the *entire case* for resentencing. The sentencing court may impose a new sentence for *any conviction* in the remanded case." (Emphasis added.)

which sentences have already been lawfully imposed"). Petitioner acknowledges that given the present form of ORS 138.222(5), if we had faced the same sentencing error on direct appeal, we would have been required to remand the entire case for resentencing. Petitioner notes, however, that ORS 138.222(5) does not apply to post-conviction proceedings. *See State v. Coburn*, 146 Or App 653, 934 P2d 579 (1997).

Petitioner argues that, unlike the circumstances in a direct appeal, the legislature has not authorized post-conviction trial courts to remand an entire case for resentencing based on error that does not taint all convictions in the case. In support of that assertion, petitioner relies on *Coburn* and *State v. Henderson*, 146 Or App 81, 932 P2d 577 (1997). In each of those cases, the question for decision was whether or not, on remand from a judgment granting post-conviction relief, the parties could raise sentencing issues beyond the scope of the remand. In holding that the parties were confined to issues within the scope of remand, we stated that "a sentencing error determined on post-conviction does not result in a blank slate on sentencing issues." *Id.* at 84; *see also Coburn*, 146 Or App at 660.

In *Henderson*, the post-conviction court determined that the petitioner was entitled to relief based on an erroneously imposed "life sentence" and remanded for resentencing. On resentencing, the petitioner argued for the first time that another part of his sentence—the 25-year minimum term—violated his constitutional rights. The sentencing court refused to consider the petitioner's new argument because *"the ruling of the post-conviction court* was that the only illegality * * * was the portion sentencing [the petitioner] to imprisonment for the period of his natural life." 146 Or App at 83 (emphasis added). We agreed that the petitioner could not raise this new challenge at resentencing because *"the [post-conviction] court's written opinion makes clear* that the error that [the petitioner] asserted and proved that required modification was the imposition of a life term of imprisonment." *Id.* at 84-85 (emphasis added).

Similarly, in *Coburn*, the petitioner was sentenced as a dangerous offender. He argued to the post-conviction

court that the sentencing court had "incorrectly calculated the consecutive indeterminate terms of imprisonment under the applicable statutes and rules." 146 Or App at 658-59. The post-conviction court held that the calculation was in error and remanded for resentencing. *Id.* at 659. On resentencing, the state sought to have the petitioner sentenced under the sentencing guidelines instead of under the dangerous offender statute, which would have resulted in a greater overall sentence. The court resentenced the petitioner under the guidelines. On appeal, we reversed because *"the scope of the post-conviction remand* was for correction of the original error within the dangerous offender provisions." *Id.* at 660 (emphasis added). Thus, in both *Henderson* and *Coburn*, we addressed *the sentencing court's authority* on remand from the post-conviction court. Because we did not have occasion in either *Henderson* or *Coburn* to consider the extent of *the post-conviction court's authority* to remand an entire case for resentencing, neither case controls here.

■■ Ultimately, the parties' arguments reduce to a single question: whether or not ORS 138.520 authorized the post-conviction court to remand the entire case, including the untainted convictions, for resentencing. The state contends that the court had authority to remand the entire case for resentencing because, under the circumstances, that relief was "proper and just." Petitioner disagrees that the statute confers such authority. The parties' disagreement involves a question of statutory construction, which we answer by examining the text and context of the statute, including prior judicial construction of the statute and, if necessary, its history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). For the following reasons, we agree with the state.

We have held that ORS 138.520 vests post-conviction courts with the discretion to grant relief beyond the specific remedies mentioned in the statute. In *Nealy v. Cupp*, 2 Or App 240, 242, 467 P2d 649 (1970), we upheld a post-conviction judgment that vacated the petitioner's guilty plea, although that remedy was not expressly authorized by the statute. We stated that "[t]he lower court properly exercised its *discretion*. We see no adequate reason to override its judgment." *Id.* (emphasis added). Our holding was supported by

the text of the statute, which provides that the court "may grant * * * such other relief as may be proper and just." ORS 138.520. We have also held that a post-conviction court has broad discretion in selecting relief that will fulfill the remedial purpose of the post-conviction statutes. *Shipman v. Gladden*, 253 Or 192, 204, 453 P2d 921 (1969) (holding that the "proper and just" phraseology "should be construed broadly to achieve the remedial purpose of the [post-conviction relief] statute[ ]").

■■ It is true that the court's discretion to fashion a remedy that is proper and just is not unfettered. Although the statute gives post-conviction courts broad power to craft relief, "that relief is limited to matters *similar to release, new trial and modification of sentence*, which the statute specifically allows the court to grant." *Barnett v. State of Oregon*, 72 Or App 585, 586, 695 P2d 991, *rev den* 299 Or 583 (1985) (emphasis added) (holding that ORS 138.520 does not authorize a post-conviction court to award money damages or require the state to repay restitution paid by the petitioner). The vacation of a sentence is sufficiently similar to "modification of sentence" to qualify as other "proper and just" relief. If that were not so, the post-conviction court would not have been authorized to vacate *any* of petitioner's sentences for purposes of remand. *See, e.g., Henderson*, 146 Or App at 84 (associating a post-conviction judgment vacating a sentence with "modification" as the term is used in ORS 138.520); *State v. Macy*, 111 Or App 83, 85-86, 824 P2d 428 (1992), *rev'd on other grounds* 316 Or 335, 851 P2d 579 (1993) (holding that a post-conviction court *should* have vacated petitioner's sentence). The parties do not contend that the post-conviction court's authority was so limited, and we conclude that it was not.

In addition, the court's authority under ORS 138.520 was limited to granting "relief" to petitioner. That term is not defined by statute, but its ordinary meaning is "legal remedy or redress." *Webster's Third New Int'l Dictionary*, 1918 (unabridged ed 1993). "Redress" means, in this context, "to set (a wrong) right" or "to eliminate the faults of." *Id.* at 1904. A "remedy," in turn, is "the legal means to recover a right or to prevent or obtain redress for a wrong." *Id.* at 1920. The granting of "relief," therefore, must entail at least some benefit to a

petitioner. Here, the benefit to which petitioner is entitled is the correction of a sentencing classification error, not the assurance of a reduction in his overall sentence. If petitioner's attorney had called the classification error to the sentencing court's attention, the court would have been able to impose sentences on the entirety of petitioner's current convictions within the limits of its lawful authority, including the possibility of departure sentences on counts that were not tainted by ineffective assistance of counsel. Under petitioner's view, the sentencing court has lost that authority on remand. However, such a result would grant petitioner more than "relief" from ineffective assistance of counsel; it would give him a windfall consisting of the possibility of a more favorable overall term of imprisonment than he would have received if his attorney had timely objected to the sentencing error. Post-conviction relief was not intended to reward successful petitioners with better outcomes than those received by convicted defendants who were provided with effective assistance of counsel. The post-conviction judgment in this case granted petitioner relief even though it did not afford him that windfall.

In conclusion, ORS 138.520 authorized the post-conviction trial court to grant relief that was proper and just. That authority included discretion to vacate petitioner's sentences. Five of petitioner's sentences violated the shift-to-column-I rule of *former* OAR 253-012-0020 and, because trial counsel was inadequate in failing to object, some relief was required. However, that relief need not necessarily result in a shorter sentence for petitioner. The post-conviction court crafted a remedy that will allow the original trial court to resentence petitioner on all of his convictions using the correct criminal history scores. ORS 138.520 granted the post-conviction trial court the discretion that it exercised and, thus, the court did not err.[4]

Affirmed.

---

[1] Petitioner has not argued that the post-conviction court *abused* its discretion in fashioning the relief it granted. Therefore, we do not address that question here.