Argued and submitted May 30, affirmed November 1, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTHONY LENAIRE CURRY,
aka Levone M. Donavon,
aka Tony Jackson,
*Appellant.*

## 9306-33902; A122657

146 P3d 348

See 141 Or App 402, 917 P2d 1075; 157 Or App 724, 972 P2d 1232, 62 Fed Appx 157.

Tammy W. Sun, Deputy Public Defender, argued the cause for appellant. With her on the briefs were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega,* Judges.

LANDAU, P. J.

---

* Ortega, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Defendant was convicted, after a trial to the court, of various crimes and sentenced to departure sentences based on trial court findings. After exhausting his state avenues of direct appeal and post-conviction relief, he obtained federal habeas corpus relief on the ground that his criminal trial counsel had failed to raise at sentencing a meritorious argument concerning his criminal history. The primary issue before us now is the scope of the criminal trial court's authority on remand from the federal court, specifically, whether the court may consider on remand information that was unavailable at the time of original sentencing pertaining to defendant's good behavior in prison since that time. We also consider whether, on remand, the trial court committed plain error under *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), in relying on its own departure findings. We conclude that (1) the trial court properly did not consider defendant's mitigation evidence on remand; and (2) because defendant waived his right to a jury trial, the trial court's reliance on its own departure findings was not plain error.

In September 1994, after a trial to the court, defendant was convicted of two counts of compelling prostitution, ORS 167.017, two counts of promoting prostitution, ORS 167.012, one count of rape in the third degree, ORS 163.355, and one count of custodial interference in the first degree, ORS 163.257. The trial court calculated defendant's criminal history and determined that the applicable sentencing grid block was 8-B. Based on its findings relating to the vulnerability of the victims and defendant's persistent involvement in similar offenses, the court imposed departure sentences of 60 months' and 40 months' imprisonment, respectively, on the convictions for compelling prostitution. The trial court imposed presumptive sentences on the remaining convictions.

Defendant appealed. We affirmed defendant's convictions and sentences from the bench. *State v. Curry*, 141 Or

App 402, 917 P2d 1075, *rev den*, 324 Or 229 (1996). Defendant then sought state post-conviction relief, which was denied. *Curry v. Thompson*, 157 Or App 724, 972 P2d 1232 (1998), *rev den*, 328 Or 330 (1999). In April 2003, defendant obtained federal habeas corpus relief on the ground that his counsel's failure to raise a meritorious argument regarding his criminal history score constituted ineffective assistance of counsel. *Curry v. Palmateer*, 62 Fed Appx 157 (9th Cir 2003).

On remand from the federal court, in August 2003, the trial court resentenced defendant. The court first recalculated defendant's criminal history score. Defendant then sought to present mitigating information relating to his reformation in prison since his initial sentencing. He argued that the trial court was authorized to consider that information under general principles of reformation embodied in the sentencing guidelines and under *State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den*, 336 Or 17 (2003). According to defendant, *Rodvelt* stands for the general proposition that, when an appellate court determines that a sentencing court committed an error requiring resentencing, the proper disposition is to remand the entire case for resentencing on all convictions, because sentencing under the guidelines is "complex" and the sentence on one conviction may affect the sentences on other convictions in the case. In response, the state argued that defendant's later conduct did not mitigate the existence of the original aggravating factors, namely, the vulnerability of the victim and defendant's persistent involvement at that time in similar offenses.

The trial court acknowledged defendant's efforts toward rehabilitation. It stated, however, that it lacked the authority to consider the mitigation evidence. Instead, based on the recalculated criminal history score and the original aggravating factors, the trial court again imposed a departure sentence—this time, 56 months instead of 60—on defendant's first conviction for compelling prostitution. It imposed a presumptive sentence on defendant's other conviction for compelling prostitution and imposed downward departure sentences on defendant's remaining convictions.

On appeal, defendant first argues that the trial court erred in declining to consider, as a mitigating departure factor, evidence relating to his reformation since initially being

sentenced. According to defendant, the federal court's decision ordering that he be resentenced did not place any limitations on the sentencing court's authority. The state responds that defendant has completed the incarceration portion of his sentence on the relevant conviction and that the asserted error therefore is moot. On the merits, the state argues that the federal court remanded the case only for correction of an error in the calculation of defendant's criminal history score; according to the state, the remaining aspects of defendant's sentence are final judgments and not subject to challenge at this stage in the proceedings. The state also argues that, in any event, although trial courts have discretion to consider mitigating evidence, they are not required to do so.

As an initial matter, defendant's argument concerning the length of the incarceration term of his sentence for compelling prostitution is not moot. *Baty v. Slater,* 161 Or App 653, 984 P2d 342 (1999), *adh'd to on recons,* 164 Or App 779, 995 P2d 1176, *rev den,* 331 Or 191 (2000). We turn to the merits.

■ A trial court has discretion to impose a departure sentence if it finds substantial and compelling reasons to do so. OAR 213-008-0001. Ordinarily, we review the trial court's factual basis for departing, not its decision whether to depart. *See* ORS 138.222(3) (in an appeal from a judgment imposing a departure sentence, sentence review is limited to whether the sentencing court's findings and reasons justifying the departure are supported by evidence in the record and constitute substantial and compelling reasons for a departure); *see also State v. Waage,* 160 Or App 156, 158, 981 P2d 333 (1999). In this case, however, we are not called upon to decide whether there was a sufficient factual basis for the court's decision to depart. Rather, we consider whether the trial court erred as a matter of law in concluding that it lacked authority to consider defendant's mitigating evidence on remand for resentencing after collateral review.

In *State v. Henderson,* 146 Or App 81, 932 P2d 577 (1997), the defendant was sentenced in 1991 to life imprisonment with a 25-year mandatory minimum. *Id.* at 83. He

sought post-conviction relief on the ground that the indeterminate "life" portion of his sentence was invalid. The post-conviction court agreed, vacated his sentence, and remanded for resentencing. *Id.* On remand, the defendant argued for the first time that the mandatory minimum portion of his sentence was unconstitutional. The sentencing court declined to consider that argument and addressed only the error identified by the post-conviction court. *Id.* On appeal from the resentencing, the defendant asserted that the trial court erred in not considering his newly raised argument. The state argued that the mandatory minimum portion of the defendant's sentence was the "law of the case" and that relitigation of that portion therefore was barred. *Id.* at 83-84.

■    We agreed with the state. We reasoned that, when an appellate court remands a case for resentencing after direct appeal, ORS 138.222(5) authorizes the sentencing court "to impose a new sentence for any conviction in the case" and that, accordingly, the state and the defendant are not precluded from raising new arguments relating to such sentencing. 146 Or App at 84. We explained that, by contrast, when a post-conviction petitioner carries his or her burden to demonstrate that some aspect of the sentence is unlawful, the relief granted pertains to that aspect alone; it "does not result in a blank slate on sentencing issues" in the case. *Id.* Rather, the trial court is authorized only to correct the error that was identified by the post-conviction court. *Id.* at 84-85.

In this case, defendant argues that the result in *Henderson* was required by ORS 138.530(1)(c), providing that the court shall grant post-conviction relief when a challenged sentence is "in excess of, or otherwise not in accordance with, the sentence authorized by law," and that a similar result is not required on remand after the granting of federal habeas corpus relief. We disagree that the result in *Henderson* was an artifact of ORS 138.530(1)(c). Rather, the proper distinction is between the correction of errors requiring resentencing on remand after direct appeal, which the legislature has determined requires resentencing on all convictions in a case, and the correction of errors identified in a collateral proceeding—including post-conviction, state or federal habeas corpus, or mandamus proceedings—which, in the absence of a legislative directive to the contrary, logically

involves correction by the lower tribunal of only the identified error. *Cf. Gordon Sayre Little v. Gladden*, 202 Or 16, 23-26, 273 P2d 443 (1954) (determining that the petitioner was entitled to collateral relief pertaining to unlawful sentence; remanding for imposition of lawful sentence; discussing and approving practice of remedying only those defects identified in collateral proceeding).

■    As in *Henderson*, here, defendant obtained collateral relief pertaining to the calculation of his criminal history score. On remand, the trial court was authorized to correct that error. Other aspects of defendant's sentence were not at issue, however. It follows that the trial court did not err in declining to consider defendant's mitigation evidence pertaining to the imposition of a departure sentence.[1]

■    In his second assignment of error, defendant argues that the trial court erred, under the principles articulated in *Apprendi* and *Blakely*, in imposing a departure sentence on one count of compelling prostitution based on facts not pleaded in the indictment and not found by a jury or admitted by him. Defendant concedes that he did not raise that issue at his resentencing but urges us to reach it as plain error. In that regard, defendant argues that, notwithstanding *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006)—decided on March 9, 2006, after briefing but before oral argument in this case—he could not, at the time he was resentenced in August 2003, knowingly have waived his right to a jury determination of relevant sentencing factors.

The state responds that the principles articulated in *Blakely* and *Apprendi* have been determined not to apply retroactively in collateral challenges to sentences and that, accordingly, they should be deemed not to apply on remand for resentencing after collateral review—particularly where, as here, remand occurs ten years after the original sentence was imposed. The state also argued at oral argument that, consistently with *Gornick*, defendant's waiver of jury trial gave rise to an inference that he waived his right to have a

---

[1] As noted, the trial court also resentenced defendant on his other convictions in the case, imposing on each conviction a lesser sentence than was originally imposed. The state does not challenge that action by the trial court and we expressly do not determine whether the trial court was authorized in that regard.

jury determine facts relevant to his sentence; accordingly, imposition of a departure sentence was not plain error.

Even assuming, without deciding, that the principles articulated in *Apprendi* and *Blakely* apply on remand for resentencing after collateral review, *cf.* Or Laws 2005, ch 463, §§ 1-7, 21-23, *compiled as a note before* ORS 136.001 (2005) (establishing procedures for jury determination of "enhancement" factors; providing that such procedures apply to, among other matters, a "case that has been remanded to a trial court that will result in resentencing"), in this case, defendant waived jury trial and did not object at resentencing to factfinding by the trial court. Under *Gornick*, the trial court's imposition on remand of an upward durational departure sentence based on facts not found by a jury was not plain error.

Affirmed.