Argued and submitted March 30, affirmed November 9, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTOPHER EARL YOUNG,
*Defendant-Appellant.*

Washington County Circuit Court
C992528CR; A141827

266 P3d 135

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Timothy A. Sylwester argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Senior Assistant Attorney General.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Defendant was convicted of multiple counts of burglary and theft and a single count of unauthorized use of a motor vehicle. He sought post-conviction relief. The post-conviction court ordered that defendant's term of incarceration be reduced from 26 to 24 months on each count, "with all other terms and conditions of the original Judgment to remain the same." On remand from the post-conviction court, the trial court reduced the duration of defendant's term of incarceration in accordance with the post-conviction court's judgment, retained all of the other terms and conditions of the original sentence, and added a requirement that defendant pay $375 for the cost of his court-appointed counsel at the resentencing hearing. On appeal, defendant contends that the assessment for attorney fees constituted a new term from the original criminal judgment, which the trial court did not have authority to impose. We conclude that the trial court did not err in requiring defendant to pay the attorney fees incurred at resentencing and affirm.

Defendant was originally sentenced to 26 months in prison on each of four counts. The sentence included upward departures and provided for post-prison supervision. The sentencing judgment also provided that defendant was not to be considered for leave from custody, reduction in sentence, work release, alternative incarceration programs, structured sanctions, alternative sanctions, or programs of conditional or supervised release, except for credit for time served. Defendant's sentence included restitution to the victim of $5,506.75 and unitary assessments of $100 on each count, and it was recommended that all amounts set forth in the money judgment section be made a condition of post-prison supervision.

Defendant filed a petition for post-conviction relief based on ineffective assistance of counsel. The post-conviction court ordered:

> "This matter is remanded to the Washington County Circuit Court for resentencing and entry of an amended judgment that reduces each sentence on each count * * * to 24 months of imprisonment, with all other terms and conditions of the original Judgment to remain the same."

At the sentencing hearing on remand, the state explained to the trial court that "the only thing that needs to happen here today is a resentencing of the defendant with all the same conditions; changing only four consecutive 26 month sentences to four consecutive 24 month sentences." Defendant asserted that he was entitled to raise new sentencing issues, including the need for jury findings on upward departure factors under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000).

The court rejected defendant's request for jury findings on departure factors and imposed "the same sentence as you had before," but with the modification required by the post-conviction relief judgment reducing the terms of imprisonment on each count from 26 months to 24 months. The court also included in the amended criminal judgment that defendant pay his court-appointed attorney fees for his representation at resentencing. Defendant objected, noting that the post-conviction court's order "just says to impose all prior conditions, it doesn't say to add some new ones."

On appeal, defendant now contends that, because the post-conviction court's judgment required "all other terms and conditions of the original Judgment to remain the same," the sentencing court's authority on remand was limited to correcting the sentence as ordered by the post-conviction court, and did not include the authority to add a requirement that defendant pay the cost of his court-appointed attorney at resentencing. We review the sentencing court's imposition of the cost of attorney fees as a matter of law. *See State v. Coburn*, 146 Or App 653, 659-60, 934 P2d 579 (1997).

We have held in several cases that a remand for correction of a sentencing error after post-conviction relief does not allow the court to fashion a completely new sentence. *See Coburn*, 146 Or App at 660 (the scope of the post-conviction remand was for correction of the original sentencing error and the sentencing court erred in resentencing beyond the scope of that remand). In particular, in *State v. Henderson*,

146 Or App 81, 932 P2d 577 (1997), we explained that a post-conviction remand, unlike a remand after direct appeal, is not governed by ORS 138.222(5), under which the sentencing court is free to impose a new sentence for all convictions in the remanded case. Rather, if the petitioner satisfies the burden of proof in the post-conviction court under ORS 138.530(1)(c) to establish that a sentence is in excess of that authorized by law, the post-conviction court is limited under ORS 138.520[1] to ordering correction of the established error, and a remand to the trial court for correction of the error does not give the trial court *carte blanche* to formulate a new sentence:

> "Thus, unlike a sentencing error determined on direct appeal, a sentencing error determined on post-conviction does not result in a blank slate on sentencing issues. Here, even though the post-conviction judgment vacated defendant's sentence and judgment and remanded for resentencing, the court's written opinion makes clear that the error that defendant asserted and proved that required modification was the imposition of a life term of imprisonment."

*Henderson,* 146 Or App at 84. For that reason, we held in *Henderson* that the criminal trial court on resentencing after post-conviction relief did not err in refusing to consider the defendant's new arguments regarding his sentence. *Id.* at 85. In essence, on resentencing after post-conviction relief, the criminal trial court is limited to implementing the remedy ordered by the post-conviction court. *See State v. Curry,* 209 Or App 31, 146 P3d 348 (2006) (holding that on remand for resentencing after federal habeas corpus relief, "the trial court is authorized only to correct the error that was identified by the post-conviction court"). Relying on *Henderson* and *Coburn,* defendant contends that, in this case, the trial court on remand had only the authority to resentence as directed by the post-conviction court, by correcting the duration of the prison term, and no more.

---

[1] ORS 138.520 provides, in part:

"The relief which a court may grant or order under ORS 138.510 to ORS 138.680 shall include release, new trial, modification of sentence, and such other relief as may be proper and just."

The state responds that *Coburn* and *Henderson* simply prohibit the criminal trial court on remand after post-conviction relief from reopening issues addressed in the original sentence, and asserts that those cases do not prohibit the addition of a new term to the judgment that could not have been a part of the judgment at the time of the original sentence. The state points out that, with the exception of the ordered correction, the new sentence includes all of the same terms and conditions that were in the original judgment and that neither the parties nor the trial court reopened any other issue addressed in the original sentence.

The state contends, further, that the requirement that defendant pay the cost of his court-appointed counsel for his most recent resentencing is separate and apart from his original sentence and is independently authorized by ORS 161.665(2)[2] and ORS 151.505. In the state's view, ORS 161.665(2) and ORS 151.505 together demonstrate a legislative intention to allow courts on resentencing to impose costs for attorney fees incurred on challenges of a conviction or sentence.

We agree with the state that the criminal trial court had authority under ORS 151.505 to impose costs for defendant's court-appointed representation at resentencing. It is true, as defendant contends, that the post-conviction court's remand required that, apart from the duration of the period of incarceration, the terms and conditions of the original judgment were to "remain the same." That means that the court was only authorized to correct defendant's original sentence in the way ordered by the post-conviction court. But

---

[2] ORS 161.665 provides, in part:

"(1) Except as provided in ORS 151.505, the court, only in the case of a defendant for whom it enters a judgment of conviction, may include in its sentence thereunder a provision that the convicted defendant pay as costs expenses specially incurred by the state in prosecuting the defendant. * * *

"(2) Except as provided in ORS 151.505, the court, after the conclusion of an appeal of its initial judgment of conviction, may include in its general judgment, or enter a supplemental judgment that includes, a requirement that a convicted defendant pay as costs a reasonable attorney fee for counsel appointed pursuant to ORS 138.500, including counsel who is appointed under ORS 151.216 or counsel who is under contract to provide services for the proceeding under ORS 151.219, and other costs and expenses allowed by the public defense services executive director under ORS 138.500(4)."

that post-conviction judgment did not prohibit the court from imposing newly incurred costs for defendant's court-appointed attorney at the subsequent resentencing. ORS 151.505(1) provides:

> "At the conclusion of a case or matter in which the first accusatory instrument or petition in the trial court was filed after January 1, 1998, and in which the court appointed counsel to represent a person, a trial, appellate or post-conviction court may include in its judgment an order that the person repay in full or in part the administrative costs of determining the eligibility of the person for appointed counsel and the costs of the legal and other services that are related to the provision of appointed counsel."

Separate and apart from any sentence, ORS 151.505(1) expressly authorizes the court "[a]t the conclusion of a case or matter" to order a defendant to pay the costs of court-appointed counsel who represented the defendant at trial, on appeal, and in post-conviction proceedings. We conclude that that statute provides the authority to order a defendant to pay court-appointed attorney fees that are incurred at resentencing after appeal or post-conviction relief. The trial court did not err in ordering defendant to repay the costs related to the provision of appointed counsel at resentencing.

Admittedly the result reached appears anomalous. The post-conviction judgment authorized a specified limited change in the criminal judgment. Defendant's sentence on each count was to be reduced from 26 months to 24 months; nothing less and nothing more. One of the arguments defendant raised in his brief was that adding the requirement that he pay $375 for attorney fees incurred at resentencing violated the "rule" in *State v. Turner*, 247 Or 301, 429 P2d 565 (1967). That rule prohibited the imposition of an increased sentence following a successful appeal. The court in *Turner* concluded that an increased sentence following a successful appeal would chill a defendant's desire to correct an erroneous sentence. *Id.* at 312. However, after defendant filed his brief, but before oral argument, the Supreme Court decided *State v. Partain*, 349 Or 10, 239 P3d 232 (2010), overruling *Turner*.[3] The *Partain* court abandoned the *per se* prohibition

---

[3] At oral argument, defendant abandoned his argument under *Turner*.

on an increased sentence following a defendant's successful appeal. In its place, the Supreme Court announced a rule that a judge's reasons for an increased sentence must appear in the record, and the reasons must be based on identified facts of which the original sentencing judge was unaware. That information also must satisfy a reviewing court that the increased sentence was not a product of vindictiveness. Without such additional information, the increased sentence will be presumed to be vindictive and will be reversed. *Id.* at 25-26.

Here, the length of defendant's term of imprisonment was not increased; rather, the term of imprisonment was decreased, consistent with the post-conviction court's judgment. The change in defendant's sentence was the requirement that defendant repay the cost of his court-appointed attorney fees on resentencing. ORS 151.505(1). Before imposing this requirement, the sentencing court determined, from defendant's court-appointed attorney, that the attorney fees for representing defendant at resentencing were $375, and the court required defendant to pay that cost. The sentencing court satisfied *Partain*. The cost of representing defendant at resentencing was made part of the record and, obviously, the first sentencing judge could not know that there would be a resentencing or that defendant's court-appointed attorney would charge $375 for representing defendant at resentencing. Having reviewed the record, we are satisfied that the additional $375 was not the product of vindictiveness toward defendant.

Affirmed.